**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CARY GAGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-08-01-HE |
| ) | |
| FRED FIGUEROA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal and Colorado state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] the petition has been promptly examined, and for the reasons stated herein, it is recommended that the petition be dismissed upon filing.[2]

Petitioner alleges that he is serving a federal sentence and Colorado state sentence at the North Fork Correctional Facility in Sayre, Oklahoma. Petition, p. 1.  District Court of Arapaho County, Case No. 2001-CR-525; United States District Court for the District of

---

[1]Pursuant to Rule 1(b), Rules Governing Section 2254 Cases, these rules may be applied to habeas cases other than those brought under 28 U.S.C. § 2254 at the discretion of the court.

[2]Petitioner's motion to proceed [Doc. No. 4] and his motions to incorporate [Doc. Nos. 6 and 9] are hereby granted, and the materials attached thereto have been considered in reaching this recommendation. Petitioner's motion pursuant to Fed.R.App.P. 23(a) [Doc. No. 10] is hereby denied as any transfer of Petitioner would not destroy this Court's jurisdiction. Santillanes v. U.S. Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985); Prevatte v. Gunja, No. 05-1332, 167 Fed. Appx. 39, 42 (10th Cir. Feb. 13. 2006) (unpublished disposition), cert. denied, 127 S. Ct. 927 (2007).

Colorado, Case No. 02-CR-193-MSK. Id. at 6. Petitioner alleges a broad and wide-ranging conspiracy involving state and federal officials, pursuant to which the state trial judge unlawfully seated jurors in his state trial under false names (one of which had signed the indictment against him), the United States Attorney for the District of Colorado engaged in racketeering activity, United States Postal employees interfered with hundreds of mailings, CIA agents worked undercover as editors for Soldier of Fortune Magazine, and Petitioner was faced with a pattern of deliberate indifference over the past 5 ½ years as he attempted to brings these matters to light. He has submitted hundreds of pages of documents, most of them his own letters to various public officials, peppered with his own commentary. He appears to allege that he was not represented by counsel during critical parts of the state criminal proceeding against him, and that his right to a public trial was also denied. What Petitioner has failed to do, however, is to make allegations that would make a habeas proceeding under 28 U.S.C. § 2241 appropriate. Moreover, it appears, that even if he had, such would be untimely.

With regard to Petitioner's federal sentence, § 2241 is available only if the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. Bradshaw v. Story, 86 F.3d 164, 166-167 (10th Cir. 1996). A remedy under § 2255 is inadequate or ineffective under extremely limited circumstances - for example, when the original sentencing court has been abolished, the sentencing court refuses to consider the petition altogether, the sentencing court inordinately delays consideration of the motion, or when no single court can grant complete relief. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Petitioner has

failed to allege any facts to demonstrate that the remedy under section 2255 is inadequate or ineffective. In fact, it appears that Petitioner has already pursued relief under section 2255 in the District of Colorado. Case No. 02-CR-193-MSK, United States District Court for the District of Colorado [Doc. No. 199, Apr. 13, 2005]. However, the mere fact that relief under a previous § 2255 motion was denied is not sufficient to demonstrate that it is an inadequate remedy. Bradshaw, 86 F.3d at 166. Moreover, the Court should not recharacterize the petition as one for relief under section 2255. Because Petitioner has already pursued relief under section 2255, if this Court were to recharacterize the action, transfer to and certification by the Tenth Circuit Court of Appeals would be necessary. See 28 U.S.C. § 2255 (requiring second or successive motion to be certified as provided in 28 U.S.C. § 2244); see also 28 U.S.C. § 1631 (authorizing transfer of action to proper court). In addition, a section 2255 motion must be brought in the district in which the defendant was sentenced; here, the United States District Court for the District of Colorado. 28 U.S.C. § 2255; see also Bradshaw, 86 F.3d at 166. Under these circumstances, the Court should decline to recharacterize the action. Cf United States v. Suarez, No. 07-8011, 244 Fed. Appx. 921, 924-25 (10th Cir. Aug. 13, 2007)[3] (district court did not err in declining to recharacterize motion for sentence modification as section 2241 petition or as petition brought pursuant to section 2255 where section 2255 petition would be second or successive).

---

[3]This and any other unpublished disposition are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

With regard to Petitioner's state sentence, a petition under § 2241 is not the proper vehicle for challenging Petitioner's state conviction. When a state prisoner seeks habeas relief based on his sentence, the claim can involve the validity of the prison term or the way in which it is carried out. Section 2254 governs when the validity of the sentence is questioned, and § 2241 applies when the claim involves execution of a sentence. Davis v. Roberts, 425 F.3d 830, 833, 834 (10th Cir. 2005). Petitioner is clearly challenging the validity of his state conviction, rather than the execution of his sentence. As a result, he must present these claims through a petition under Section 2254 rather than 2241. Williams v. Sirman, No. 05-6355, 172 Fed. Appx. 862, 864 (10th Cir. Mar. 28, 2006) ("Because [the petitioner] does not attack the execution of his sentence, but rather the validity of his sentence as enhanced by a prior felony conviction, § 2241 is an inappropriate avenue of relief."); Clark v. Bruce, No. 05-3276, 159 Fed. Appx. 853, 856 (10th Cir. Dec. 20, 2005) (holding that a claim involving enhancement of the sentence, based on the use of two prior non-jury juvenile adjudications, implicated Section 2254 rather than Section 2241); Cotner v. State, No. 01-7101, 37 Fed. Appx. 360, 362 (10th Cir. Feb. 21, 2002). Before recharacterizing a pro se pleading as a claim under Section 2254, the Court must notify the Petitioner of the intent to recharacterize the action, warn him of the consequences, and provide an opportunity to amend. See Davis, 425 F.3d at 835 (citations omitted); Clark, 159 Fed. Appx. at 856. The undersigned recommends against such recharacterization for two reasons in this case. First, Petitioner's conviction took place in the State of Colorado, Arapaho County. Although Petitioner is currently confined in a private prison in the State

4

of Oklahoma, none of the witnesses or events which form the basis of his claims for habeas relief have any connection to the State of Oklahoma. Second, it appears beyond question that Petitioner's claims are barred by the applicable statute of limitations contained in § 2244(d)(1). Although it appears that Petitioner has anticipated his limitations obstacle, and thus has made references to the procedural history of his state and federal cases in Colorado, specific information has not been made available to this Court. It may well be that re-characterizing Petitioner's claim as one under either § 2255 or § 2254 would require transfer, result in successiveness problems, or be fatal under the applicable limitations provision. Accordingly, it is recommended that the petition be dismissed upon filing for failing to state a claim cognizable under § 2241.

Petitioner has filed a Motion for Release on Personal Recognizance [Doc. No. 11]. In support, Petitioner claims that the documents he has submitted "present an extremely high probability of success" and that the State of Colorado had virtually no likelihood of success. Motion for Release on Personal Recognizance, ¶4, 12. He claims that "[a]ccordingly, there is a very strong presumption that under no circumstances would [he] take flight from any future proceedings..." Id. at ¶13. Petitioner presents his own affidavit stating that an Oklahoma City couple will offer their home "for however long this habeas corpus proceeding and any appeals take...." Id. at Ex. D. Petitioner does not provide any documentation from the couple in question.

A federal court has inherent authority to grant release to a habeas petitioner during the pendency of a federal habeas action. Pfaff v. Wells, 648 F.2d 689, 693 ( 10th Cir.1981).[4] However, to warrant release pending review of a petition for writ of habeas corpus, a defendant must demonstrate special circumstances or a high probability of success. Id. (for release pending appeal of order denying habeas corpus relief, "a showing of exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition").  In this case, Petitioner has shown neither.  For the reasons listed above, and the incredible nature of Petitioner's claims, the undersigned finds that Petitioner has failed to demonstrate special circumstances that would justify use of the Court's power to grant release. Furthermore, in light of the recommendation that the petition be dismissed on filing, the undersigned finds that Petitioner cannot show a high probability of success. Accordingly, it is recommended that his motion for bail be denied.

## RECOMMENDATION

For these reasons, the undersigned recommends that this action be dismissed upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by May 19, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  The

---

[4] Petitioner cites 18 U.S.C. § 3143 in support of his motion; however, the Bail Reform Act of 1984, of which § 3143 is a part, is inapplicable to federal habeas corpus proceedings.

Clerk of the Court is directed to send a copy of this Report and Recommendation to the Petitioner and to the Arapaho County (Colorado) District Attorney and the United States Attorney for the District of Colorado on behalf of Respondent.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of April, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE